**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| LAWANNA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| BARNES TRANSPORTATION ) | |
| SERVICES, INC. AND HARCO ) | |
| NATIONAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants BARNES TRANSPORTATION SERVICES, INC. and HARCO NATIONAL INSURANCE COMPANY hereby remove Case No. 18-CV-038 from the Superior Court of Taylor County, State of Georgia, to the United States District Court for the Middle District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly

joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed.

As grounds for this removal, Defendants Barnes Transportation Services, Inc. and HARCO National Insurance Company state as follows:

## I. INTRODUCTION

1. On April 16, 2018, Plaintiff Lawanna Davis (hereinafter "Plaintiff") filed a Complaint for Damages in the Superior Court of Taylor County, State of Georgia, captioned <u>Lawanna Davis v. Barnes Transportation Services, Inc. and HARCO National Insurance Company</u>, Civil Action File No. 18-CV-038.

2. Plaintiff's Complaint alleges that on May 17, 2016, Plaintiff's vehicle was struck by Defendants' vehicle, a 2016 Freightliner tractor trailer driven by Robert Glad (now deceased) in Butler, Taylor County, Georgia. (<u>See</u> Complaint, Exh. A, ¶ 4.)

3. Plaintiff's Complaint alleges negligence and state law tort claims against Defendants arising out of the subject motor vehicle accident. (Compl., ¶¶ 5-10.)

4. Plaintiff alleges Mr. Glad, who was acting as an employee of Defendant Barnes Transportation Services, Inc., was negligent in causing the subject accident. (Compl., ¶ 5.) Plaintiff further alleges the negligence of Mr.

Glad is imputable to Defendant Barnes Transportation Services, Inc. under the doctrine of respondeat superior. (Compl., ¶ 6.)

5.     Additionally, Plaintiff alleges that Defendant Barnes Transportation Services, Inc. negligently hired and retained Mr. Glad. (Compl., ¶ 7.) Plaintiff also alleges Defendant Barnes Transportation Services, Inc. failed to maintain the vehicle involved in the subject accident. (Compl., ¶ 7.)

6.     Plaintiff alleges that the Defendants' negligence caused her serious physical injuries and damages, including pain and suffering. (Compl., ¶ 10.) Plaintiff further claims she is entitled to punitive damages. (Compl., ¶ 11.)

7.     Plaintiff filed this action against Defendant HARCO National Insurance Company under the Georgia Direct Action Statute, O.C.G.A. § 46-7-12. Plaintiff alleges Defendant HARCO National Insurance Company provided a policy of liability insurance to Defendant Barnes Transportation Services, Inc. (Compl. ¶ 2.)

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

8.     This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of

different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

9. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id.

at 754-755 (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990)).

10.   Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013). Furthermore, a defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint... establishes the jurisdictional amount." Id. at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010).

11.   Here, Plaintiff alleges she has incurred medical expenses as a result of the subject accident. (Compl., ¶ 10.) Plaintiff claims she will continue to suffer

bodily injuries "for an indefinite period of time." (Compl., ¶ 10.) Plaintiff further claims she is entitled to punitive damages. (Compl., ¶ 11.)

12. Prior to filing suit, Plaintiff made a demand to a representative of Defendant HARCO National Insurance Company for $100,000.00 to settle Plaintiff's claims against Defendants. (Demand Letter, p. 4; attached as Exh. B.)

13. Plaintiff's pre-suit demand is greater than $75,000.00 and Plaintiff cannot shield this case from removal. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013); Estate of Thornton ex. rel. Thornton v. Unum Life Ins. Co. of America, 445 F. Supp. 2d 1379, 1382 (N.D. Ga. 2006); see also Ray v. GPR Hospitality, LLC, No. 1:14-CV-1309-CC, 2015 U.S. Dist. LEXIS 103615, at *10 (N.D. Ga. Aug. 7, 2015) (a $150,000.00 settlement offer was "clearly indicative of Plaintiff's intent to recover damages above the jurisdictional threshold").

14. Based upon the allegations of the Complaint, the purported damages alleged in her pre-suit demand, and the other damages Plaintiff is seeking to recover in this lawsuit, it appears in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**B.    Complete Diversity of Citizenship Exists Between Plaintiff and the Defendants.**

15.    There is complete diversity between Plaintiff and Defendants. (See Compl., ¶¶ 1-8.)

16.    On information and belief, Plaintiff is citizen of the State of Georgia.

17.    Defendant Barnes Transportation Services, Inc. is a North Carolina corporation with its principal place of business in North Carolina. (See (Compl., ¶ 1.) Defendant Barnes Transportation Services, Inc.'s citizenship is, therefore, diverse to that of Plaintiff.

18.    Defendant HARCO National Insurance Company is an Illinois company with its principal place of business in the North Carolina. (See State of Georgia Annual Registration, attached as Exh. C.) Defendant HARCO National Insurance Company's citizenship is, therefore, diverse to that of Plaintiff.

19.    This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendant Barnes Transportation Services, Inc. pursuant to the provisions of Title 28, section 1441(b) because citizenship of all the plaintiffs is diverse from defendants, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

20.  This case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

### III.  PROCEDURAL REQUIREMENTS FOR REMOVAL

21.  This notice is filed within one year of the commencement of this action, and it is filed within 30 days after service of the Complaint on Defendant Barnes Transportation Services, Inc. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

22.  In accordance with 28 U.S.C. 1446(b)(2)(A), all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

23.  Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendants, which papers include the Complaint and Summons directed to Defendants, are attached hereto as Exhibit A.

24.  Concurrently with the filing of this Notice, Defendants have given notice of this Notice of Removal to all parties on record and to the Clerk of the

Superior Court of Taylor County, Georgia. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit D.

25.  Defendants have complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal. By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Middle District of Georgia, Columbus Division, has original jurisdiction over this matter.

26.  Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction over this case as provided by law.

This 30th day of May, 2018.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Roger E. Harris
Georgia Bar No. 331302
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendants

1355 Peachtree St. N.E., Suite 300

Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
roger.harris@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to the parties and counsel of record as follows:

> W. Carl Reynolds
> John C. Fleming
> Reynolds, Horne & Survant
> P.O. Box 26610
> Macon, Georgia 31221-6610

This 30th day of May, 2018.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

Roger E. Harris
Georgia Bar No. 331302
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendants

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
roger.harris@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

3722354v.1